LATHAM & WATKINS LLP
  Perry J. Viscounty (SBN 132143)
  *perry.viscounty@lw.com*
  Andrew Gass (SBN 259694)
  *andrew.gass@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Attorneys for Plaintiff
craigslist, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>RADPAD, INC., a Delaware corporation, and DOES 1-10,<br><br>     Defendants. | CASE NO. 3:16-cv-01856-CRB<br><br>**[PROPOSED]** **FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST RADPAD, INC.** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff craigslist, Inc. ("craigslist") owns and operates the *craigslist.org* website, the access to, and use of which, is governed by craigslist's Terms of Use.

2. craigslist's Terms of Use prohibit, among other things, the use of "[r]obots, spiders, scripts, scrapers, crawlers" and the transmission of any "misleading, unsolicited, unlawful, and/or spam postings/email."

3. craigslist's Terms of Use further prohibit the collection of "users' personal and/or contact information."

4. craigslist's Terms of Use are valid and enforceable against Defendant RadPad, Inc. ("Defendant") and Defendant accepted and agreed to be bound by those terms.

5. craigslist is a provider of Internet access service as defined in 15 U.S.C. § 7702(11).

6.      craigslist's website and computers are protected computers within the meaning of 15 U.S.C § 7702(13) and 18 U.S.C. § 1030(e)(2).

7.      Defendant owns and operates the RadPad service located at the *onradpad.com* website (the "RadPad Website").

8.      craigslist previously filed a related action against a collection of defendants, including 3taps, Inc. ("3taps"), who were scraping, disseminating, receiving, and/or reposting user posts from the *craigslist.org* website, in violation of craigslist's Terms of Use and various state and federal laws.  The related action was captioned *craigslist, Inc. v. 3taps, Inc. et al.*, No. CV 12-03816 CRB (N.D. Cal.) (the "*3taps* Litigation").

9.      This Court entered Final Judgments and Permanent Injunctions against each of the Defendants in the *3taps* Litigation.  See *3taps* Litigation, Dkt. Nos. 224, 271, 272, and 280.

10.     Prior to this Court enjoining 3taps, Defendant received scraped craigslist listings from 3taps, provided feedback to 3taps about 3taps' scraping service, and assisted 3taps in shaping and tailoring the scraping data feed.  RadPad materially contributed to and induced 3taps' unlawful reproduction and distribution of craigslist user listings.

11.     craigslist owns thirty valid and enforceable copyright registrations covering craigslist postings that Defendant received from 3taps and subsequently publicly displayed on the RadPad Website (the "3taps Copyrighted Works").

12.     On or around December 4, 2013, craigslist sent a letter to Defendant expressly prohibiting Defendant "from accessing or using the craigslist website and services for any reason" (the "December 2013 Letter").

13.     Following the receipt of the December 2013 Letter and entry of the Final Judgment and Permanent Injunction against 3taps, Defendant continued to access, copy and use craigslist's website, services, and content—including craigslist users' contact information— "without authorization," as that term is used in the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq*. (the "CFAA") and in violation of, among other things, the CFAA and craigslist's Terms of Use.

14.     Defendant hired a team of individuals based in India (the "India Scrapers") to

access the craigslist website and copy craigslist content—including postings, pictures, and craigslist users' contact information.

15. RadPad instructed the India Scrapers how to evade detection by craigslist, despite craigslist's efforts to block RadPad and the India Scrapers.

16. Defendant paid the India Scrapers for each posting that they scraped from craigslist.  RadPad took the full text, photographs, and user contact information from the scraped postings and put it into a database stored in the cloud by Amazon Web Services (the "RadPad Database").  RadPad publicly displayed the full text and photographs of the listings within the RadPad Database on the RadPad Website.

17. craigslist owns copyright applications for 106 works that Defendant copied in full from craigslist and publicly displayed on the RadPad Website, without consent from craigslist or the craigslist users who authored the posts (the "2016 Copyrighted Works").

18. Defendant harvested craigslist users' contact information from the RadPad Database and initiated many thousands of electronic mail messages per day to unwitting recipients.  The primary purpose of these electronic mail messages was the commercial advertisement or promotion of RadPad's commercial products or services (including content on an Internet website operated for a commercial purpose).

19. Defendant initiated the transmission of commercial electronic messages that failed to clearly and conspicuously identify that the messages were advertisements or solicitations for RadPad's services, did not contain clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender (*i.e.*, an unsubscribe button), and did not provide a physical postal address of the sender.

20. Defendant initiated the transmission of commercial electronic mail messages that did not contain a functioning return electronic mail address or other internet-based response method.

21. Defendant initiated the transmission of commercial electronic mail messages that contained false and misleading (i) header information, (ii) subject lines, and (iii) content in the body of the messages.

22. Defendant sent these unlawful commercial electronic mail messages through a whitelisted third party electronic mail delivery service, Mandrill App, in order to deceive and bypass craigslist's spam filters. Defendants co-opted and abused craigslist's own email relay system to transmit their commercial electronic mail messages.

23. During the pendency of this litigation, Defendant's former CEO, Jonathan Eppers, certified under penalty of perjury that pursuant to his instructions, "Radpad [ ] deleted and otherwise expunged all data or property which may have been obtained by scraping or other means form third parties including data which is the subject of [this] litigation from its list of contacts, web page and Radpad's intellectual property."

24. Contrary to Defendant's assertions, Defendant failed to remove all of craigslist's data from the RadPad Database.

25. On November 2, 2016, Defendant assigned its assets, including the RadPad Database, to Insolvency Service Group, Inc. ("ISG") through a General Assignment for the Benefit of Creditors. ISG is not the Defendant or a defendant in this Action. ISG has no personal knowledge of Defendant's conduct prior to November 2, 2016.

26. Defendant's actions, as described above and more fully in craigslist's Amended Complaint (*see* Dkt. No. 40), constitute:

    a. Breach of contract;

    b. Violations of the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*;

    c. Violations of California Restrictions on Unsolicited Commercial Email Advertisers, Cal. Bus. & Prof. Code §§ 17529 *et seq.*;

    d. Violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*;

    e. Violations of the California Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502; and

    f. Direct and Indirect Copyright Infringement, 17 U.S.C. § 501.

## I.  Final Judgment

Judgment is entered in favor of craigslist against Defendant in the amount of $60,560,000, comprised of the following:

A.  $40 million for violations of the CAN-SPAM Act based on 400,000 emails at $100 per email;

B.  $4.5 million for copyright infringement of the thirty (30) 3taps Copyrighted Works at $150,000 per infringed work;

C.  $15.9 million for copyright infringement of the one hundred and six (106) 2016 Copyrighted Works at $150,000 per infringed work; and

D.  $160,000 for breach of craigslist's Terms of Use based on collecting personal information ($1 for each email address and $1 for each phone number) from 80,000 emails.

II. **Injunction**

Defendant and its past, current and future officers, agents, servants, employees, assignees and other persons who are in active concert or participation with it or individuals within its control (collectively, the "Prohibited Parties"), to the maximum extent permitted by law, are ordered and enjoined as follows:

A.   Within one day (1) day of the entry of this Order, the Prohibited Parties will forever cease access to and/or any use of, including but not limited to reproducing, transmitting, displaying, framing, including, disseminating, publishing, distributing, selling, or giving away ("Access and Use"), any content, including but not limited to user-generated postings, advertisements, information, data, images, messages, or emails, that has been submitted to, posted on, or transmitted via any craigslist website, service, or computer server, including, but not limited to *craigslist.org* ("craigslist Content").  For the avoidance of doubt, this prohibition includes, but is not limited to, craigslist Content that a third party, including without limitation a third party located outside U.S. jurisdiction, has obtained from (i) any craigslist website, service, or computer server, or (ii) any other party, or series of parties, that itself or themselves obtained craigslist Content from any craigslist website, service or computer server.

B. The prohibition on Access and Use of craigslist Content includes: 1) direct Access and Use by the Prohibited Parties; 2) indirect Access and Use via a third party, intermediary, or proxy, including but not limited to any search engine or participant in crowd sourcing of craigslist Content; and 3) the sale, distribution and/or disclosure of the RadPad Database to anyone other than craigslist or its attorneys.  The prohibition covers all Access and Use by the Prohibited Parties and provides no exceptions, including but not limited to a claim of fair use or implied license.

C. The Prohibited Parties are also permanently prohibited from:

(1) sending or transmitting, or paying, directing, aiding, or conspiring with others to send or transmit (i) any commercial electronic mail or electronic communication to any craigslist email address, user, member or poster, bearing any false, fraudulent, anonymous, inactive, deceptive, or invalid return information, or otherwise using any other artifice, scheme or method of transmission that would prevent the automatic return of undeliverable electronic mail to its original and true point of origin or that would cause the email return address to be that of anyone other than the actual sender or by any other means in violation of the CAN-SPAM Act, 15 U.S.C. § 7701, et seq. or (ii) any commercial electronic mail message to email addresses known to have been acquired or harvested from any craigslist website;

(2) directly or indirectly downloading, harvesting, obtaining, or copying craigslist Content by any means whatsoever, including but not limited to robots, spiders, scrapers, or crawlers;

(3) directly or indirectly displaying, framing, including, disseminating, publishing, distributing, selling, giving away, or otherwise presenting or making available to any person or entity, or facilitating same, any craigslist Content;

(4) representing, on their websites, in their mobile apps, or otherwise, that they are in any way affiliated with craigslist, or that any of their products or services contain or include any craigslist Content;

(5) directly or indirectly circumventing technological measures that control access to any craigslist website or any portions thereof, including but not limited to, measures that: monitor and/or block activity associated with particular IP addresses or provide a set of instructions to any automated technologies visiting the craigslist website that prohibit automated programs (e.g., a robots.txt file), whether through use of multiple IP addresses or any other means;

(6) directly or indirectly infringing any of craigslist's copyrighted materials;

(7) engaging in the purchase, acquisition, collection, harvest, sale, transfer, transmission, distribution, trade, or display of craigslist users' postings, names, locations, addresses, email addresses, phone numbers, contact information, screen names or other user information, taken from any craigslist website, service, or computer server, including, but not limited to *craigslist.org*, or lists thereof; and

(8) directly or indirectly using, other than fair use, any craigslist trademark or trade dress, or applying for, or registering any mark, trade name, trade dress, company name, domain name, website username, or url that contains any craigslist trademark or misspelling of any craigslist trademark, or that is confusingly similar to any craigslist trademark; and from using or acquiring any Twitter handle, email address, avatar, domain name, social media user name, or other asset of any kind that contains or suggests the words "craig," "craigslist," or anything similar.

### III. Monitoring Compliance

It is further ORDERED that:

A. The Prohibited Parties shall take reasonable steps sufficient to monitor and ensure

        that all persons within their control or past or present employment (whether as independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including but not limited to providing a copy of this Order to any person within their control or past or present employment and requesting that such person adhere to its terms;

B.    The Prohibited Parties shall take all reasonable corrective action with respect to any individual within their control or employment whom any Prohibited Party determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying craigslist promptly in writing of the underlying conduct; and

C.    craigslist is entitled to pursue post-judgment discovery to monitor the Prohibited Parties' compliance with this Order.

## IV.   Retention of Jurisdiction

It is further ORDERED that this Court shall retain jurisdiction of this matter in law and equity for purposes of (1) enforcing and/or adjudicating claims of violations of this Order or of disputes arising in connection with the Settlement Agreement executed concurrently herewith, with any such dispute being raised by noticed motion; and (2) permitting craigslist to pursue its claims against the Doe Defendants, including by conducting relevant discovery from former RadPad directors, officers, employees, investors, and/or other third parties. For the avoidance of doubt, this Order resolves craigslist's claims solely against RadPad, Inc. and ISG, and does not resolve any potential claims against the Doe Defendants or former officers, agents, servants, employees, assignees of RadPad, Inc.

PROPOSED BY:

Dated: April 11, 2017                       LATHAM & WATKINS LLP

                                                    By: _____
                                                            Perry J. Viscounty

                                                            Attorneys for Plaintiff
                                                            CRAIGSLIST, INC.

NO OBJECTION TO ENTRY OF ORDER:

Dated: ~~March~~ April 4, 2017      INSOLVENCY SERVICES GROUP, INC., as Assignee of RADPAD, INC.

By: _____
David Shemano

Attorney for Assignee INSOLVENCY SERVICES GROUP, INC.

IT IS SO ORDERED.

Dated: April 13, 2017

_____
Honorable Charles R. Breyer